# Commonwealth of Virginia



Case No. CL21002390

Doc No: 3536352

# SUMMONS

## TO THE SHERIFF: YOU ARE HEREBY COMMANDED TO SERVE:

Serve:
Estes Express Lines Inc
Estes Express Lines Also Known as
Robey W Estes Jr. , Other
Corporation Company
3901 West Broad Sstreet
Richmond, VA 23230

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**Appearance in person is not required by this summons.**

Done in the name of The Commonwealth of Virginia, the 22nd day of November, 2021.

Jampa Sharchok
Deputy Clerk

Greg Parks
Clerk, Circuit Court
520 King Street #307
Alexandria, VA 22314
(703) 746-4044

RECEIVED
DEC 15 2021
Administration

Copy to Serve

VIRGINIA:

## IN THE ALEXANDRIA CIRCUIT COURT
### Civil Division

| | |
|---|---|
| **WILLIAM W. TRESIDDER** ) <br> **906 South Highland Avenue** ) <br> **Baltimore, Maryland 21224** ) <br> ) <br>     **Plaintiff** ) <br> ) <br> **v.** ) <br> ) <br> **ESTES EXPRESS LINES, INC.** ) <br> **a/k/a ESTES EXPRESS LINES** ) <br> **3901 West Broad Street** ) <br> **Richmond, VA 23230-3962** ) <br> ) | Case No.: _U2lW 2390_ |

**SERVE:**  **Resident Agent**
           **Robey W. Estes, Jr.**  )
           **Corporation Company**  )
           **3901 West Broad Street**  )
           **Richmond, VA 23230**  )
                         )
        **Defendant**  )

---

## COMPLAINT AND ELECTION FOR JURY TRIAL

Plaintiff, William W. Tresidder, by and through his attorneys, Aaron L. Moore and

Bekman, Marder, Hopper, Malarkey & Perlin, LLC, hereby sues Defendant, Estes Express

Lines, Inc a/k/a Estes Express Lines, and, in support thereof, Commonwealths as follows:

### The Parties

1.    Plaintiff, William W. Tresidder, is a resident of Baltimore City, Maryland.

2.    Defendant, Estes Express Lines, Inc. a/k/a Estes Express lines (hereinafter

"Estes"), is a business entity formed and existing under the laws of the Commonwealth of

Virginia.

1

3.      Defendant Estes is headquartered in Richmond, Virginia.

4.      Defendant Estes's principal office address is 3901 West Broad Street, Richmond, Virginia, 23230-3962.

5.      Robey W. Estes, Jr. is an officer of Defendant Estes.

6.      Robey W. Estes, Jr. is the Registered Agent for Defendant Estes.

7.      Defendant Estes' Registered Agent's address is 3901 West Broad Street, Richmond, Virginia, 23230.

8.      At all relevant times, Estes was regularly doing business, including transacting business and delivery services, in the Commonwealth of Virginia.

## Jurisdiction and Venue

9.      The amount in controversy exceeds this Court's jurisdictional requirements.

10.     Venue is proper in this Court as the events giving rise to this claim occurred in Alexandria, Virginia.

## Duty of Defendants

11.     At all relevant times Defendant Estes, by and through their agents, apparent agents, servants, and/or employees, was responsible for recruiting, screening, interviewing, selecting, hiring, orienting, counseling, training, disciplining, and assigning qualified workers and drivers.

12.     At all relevant times Defendant Estes, by and through their agents, apparent agents, servants, and/or employees, owed a duty of care to Plaintiff, William W. Tresidder, which duty included, but was not limited to, the duty to take such precautions as were reasonably necessary to exercise due care in the performance of its business operations, to safely and properly operate all machinery including its trucks, lift gates, loading and unloading/removal of

2

pallets, safety straps, forklifts, to warn of any intended movements of the pallets, to properly and safely perform their loading operations, including the releasing of safety straps on the pallets and loads, to protect Plaintiff from unreasonable risks of harm, to warn Plaintiff of all unreasonable risks of harm, to not injure Plaintiff, to not strike Plaintiff with their pallets and/or loads, and to properly train and supervise their employees.

## Facts

7.      On or around July 22, 2020, Estes assigned one of its employees ("The Estes Driver") to deliver a load of shelving/beams to Humphries Engineering Center ("Humphries") at 7701 Telegraph Road, Alexandria, Virginia.  The Estes Driver was operating an 18-wheeler which had a lift gate, but the lift gate was too small to unload the shelving that was aboard the truck.

8.      Defendant Estes was notified, prior to the delivery, that Humphries did not have a ramp or forklift.

9.      The Estes Driver of the 18-Wheeler was the agent / employee of Estes and was wearing an Estes shirt at the time of delivery.

10.      On July 22, 2020, The Estes Driver carelessly and negligently failed to exercise reasonable control over the unloading of the pallets and shelving.  Neither Estes nor The Estes Driver provided a forklift.  Upon unloading the pallets and shelving, The Estes Driver cut one of the safety straps holding the beams/shelving and pushed the beams forward, without any notice to anyone.

11.      William W. Tresidder was an agent, servant, and employee of the United States Navy, who was also working at the Humphries Engineering Center on July 22, 2020.  When the

3

pallets and shelving/beams were pushed off the truck by The Estes Driver, Plaintiff, William W. Tresidder's hand was crushed under the falling pallets and shelving/beams.

10.     At all relevant times, The Estes Driver was the agent, apparent agent, servant, and/or employee of the Defendant, Estes, and was acting within the scope of his employment or agency.

### Count I – Negligence

11.     Plaintiff, William W. Tresidder, adopts and incorporates by reference herein all proceedings paragraphs, including all allegations of fact, duty, negligence, injury, and damages, as are more fully set forth in this Complaint.

12.     Defendant Estes, by and through its agents, apparent agents, servants, and/or employees, including The Estes Driver, were negligent and careless in the following respects:

        a.     failed to operate the 18-wheeler truck and lift gate in a safe and reasonable manner;

        b.     failed to maintain proper control over the pallets and the load;

        c.     failed to keep a proper lookout;

        d.     failed to use ordinary care in the operation of the unloading;

        e.     operated the truck and tail gate at a time and place where Plaintiff was exposed to an unreasonable risk of injury;

        f.     failed to observe the presence and proximity of Plaintiff;

        g.     failed to warn Plaintiff of the intended movement of the pallets and that he was cutting the safety straps so that Plaintiff could take reasonable and necessary precautions for his own safety;

4

     h.     failed to use reasonable care to ensure the safety of Plaintiff in the performance of Defendants' loading operations on Defendants' premises;

     i.     failed to safely and properly unload the pallets of shelving/beams;

     j.     failed to properly train their employees using the lift gates and the unloading of their load;

     k.     failed to provide a forklift; and

     l.     failed to properly supervise their employees using the trucks and unloading them.

13.     As a direct and proximate result of the negligence of Defendant, Plaintiff suffered serious and permanent physical injuries, for which he has incurred and will continue to incur substantial medical bills; has endured and will continue to endure emotional, mental, and psychological pain and suffering; has suffered other financial losses, including lost time from work.

## Ad Damnum

WHEREFORE, Plaintiff, William W. Tresidder, moves for judgment against Defendant, Estes Express Lines, Inc. a/k/a Estes Express Lines in the amount of Five Hundred Thousand ($500,000.00) Dollars, plus interest from the date of the injury and for his costs expended.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues involved herein.

Date: <u>November 15, 2021</u>

**Respectfully Submitted,**

**William W. Tresidder**
*By Counsel*

_____
Aaron L. Moore (VSB #72213)
Bekman, Marder, Hopper, Malarkey & Perlin, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland  21208
moore@mdtrialfirm.com
Tel.:  410-539-6633
Fax:  410-625-9555
***Counsel for Plaintiff***

6

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. _CL21002350_
(CLERK'S OFFICE USE ONLY)

............................ ALEXANDRIA ............................ Circuit Court

WILLIAM W. TRESIDDER ........ v./In re: ........ ESTES EXPRESS LINES, INC.
PLAINTIFF(S)                                         DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL
**Subsequent Actions**
- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**
- [ ] Attachment
- [ ] Confessed Judgment
- [ ] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [x] Other General Tort Liability

## ADMINISTRATIVE LAW
- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

## DOMESTIC/FAMILY
- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

## WRITS
- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare/Create
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

## MISCELLANEOUS
- [ ] Amend Death Certificate
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Approval of Transfer of Structured Settlement
- [ ] Bond Forfeiture Appeal
- [ ] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of Property or Money
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify)

[x] Damages in the amount of $ __500,000.00__ are claimed.

__11/16/21__
DATE

[ ] PLAINTIFF   [ ] DEFENDANT   ATTORNEY FOR   [x] PLAINTIFF   [ ] DEFENDANT

Aaron L. Moore  (VSB #72213)
PRINT NAME

1829 Reisterstown Road, Suite 200, Baltimore, MD 21208
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

410-539-6633

moore@mdtrialfirm.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute:  grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation.  An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 07/16

**VIRGINIA:**

**IN THE ALEXANDRIA CIRCUIT COURT**
**Civil Division**

| | | |
|---|---|---|
| **WILLIAM W. TRESIDDER** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  CL21002390** |
| | ) | |
| **ESTES EXPRESS LINES, INC.** | ) | |
| **a/k/a ESTES EXPRESS LINES** | ) | |
| | ) | |
| **Defendant** | ) | |

**INTERROGATORIES**

**TO:**      **Estes Express Lines, Inc. a/k/a Estes Express Lines, Defendant**

**FROM:**      **William W. Tresidder, Plaintiff**

Plaintiff, William W. Tresidder, by his undersigned attorneys, and pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia, hereby propounds the following Interrogatories to the Defendant.  Sworn answers must be filed within 21 days after service.

These discovery requests shall be deemed continuing under the provisions of Rule 4:1 so as to require supplementation if you or anyone acting on your behalf obtains further information that would be required to be furnished under the responses to any of the discovery requests.

**DEFINITIONS AND INSTRUCTIONS**

A.  The term "person" includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

B.  The terms "you" or "your" include the person(s) to whom these requests are addressed,

1

and all of that person's agents, representatives or attorneys.

C. The terms "documents" includes all "writings, drawings, graphs, charts, photographs, recordings, electronically stored information, and other data compilations from which information can be obtained, translated, if necessary, by [you] through detection devices into reasonably usable form."

D. The term "Occurrence" means the subject matter described in the Complaint.

## INTERROGATORIES

1.      Identify the person answering these Interrogatories by full name and address and state the relationship of the person answering these Interrogatories to the Defendant.

2.      Identify each and every person of whom you are aware who has knowledge of facts or occurrences related to this action.

3.      Identify each and every expert witness you expect to call as a witness at trial by including his/her full name and professional address and qualifications by way of background, training and experience.

4.      For each and every expert identified in the preceding Interrogatory, state the Subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and the basis for each such opinion.

5.      If you maintain or will contend at trial that any person other than you caused or contributed to Plaintiff's injuries and damages, please identify all such persons and state in detail the factual basis for your contention, each person with knowledge of said facts, along with identifying all materials which supports that assertion.

6.      If you contend or will contend at trial that the Plaintiff acted in such a manner as to cause or contribute to Plaintiff's injuries and damages, set forth in detail the factual basis for your contention along with identifying all witnesses and all materials which supports that

assertion.

7.     State the limits of insurance coverage available to cover you in this action, the identify of your insurer, the policy number(s), and the policy period(s).

8.     If you contend or if you will contend at trial that Plaintiff's injuries were the result of a pre-existing medical condition, a subsequent medical condition, or a medical condition completely unrelated to this incident, state all facts that support your contention and the person(s) who will so testify and the identify of each document or other material that supports your contention.

9.     If you have obtained any written or recorded statements concerning the Occurrence, set forth the name and address of the person who gave the statement, the name and address of the person who recorded the statement or wrote it, the date of the statement, and the present custodian of the statement.

10.     If you know of the existence of any pictures, diagrams, documents, reports, videos or objects (real evidence) relative to the Occurrence, state the nature, subject matter, date produced or obtained, and the name and address of the present custodian of each.

11.     If you contend that the Plaintiff or his family members, or their agents, made a statement, action, omission, or admission, fully and completely describe the factual basis for your contention and include the place and date when each such statement, action, omission, or admission was made.

12.     Set forth concisely the facts supporting any Affirmative Defenses or Grounds of Defense raised in your Answer to the Complaint.

13.     Identify the full name and address of the driver (identified in the Plaintiff's Complaint as The Estes Driver) referenced in the Plaintiff's Complaint.

14.     Do you admit that the driver identified in the preceding Answer to Interrogatory was employed by Estes at the time of the events and was acting in the scope of said employment at the time of the events described in the Plaintiff's Complaint.

15.     Describe the driver's (identified in Answer to Interrogatory No. 13) recollection, if any, of the events described in the Plaintiff's Complaint.

**William W. Tresidder**
*By Counsel*

_____
Aaron L. Moore   (VSB #72213)
Bekman, Marder, Hopper, Malarkey & Perlin, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland  21208
moore@mdtrialfirm.com
Tel.: 410-539-6633
Fax: 410-625-9555

*Counsel for Plaintiff*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Interrogatories was included with the

service of the Civil Cover Sheet, Complaint and Election for Jury Trial in this case to:

ESTES EXPRESS LINES, INC.
a/k/a ESTES EXPRESS LINES
3901 West Broad Street
Richmond, VA 23230-3962
  ***Defendant***

   **SERVE:** Robey W. Estes, Jr., Resident Agent
       Corporation Company
       3901 West Broad Street
       Richmond, VA 23230

          Aaron L. Moore

5

**VIRGINIA:**

## IN THE ALEXANDRIA CIRCUIT COURT
### Civil Division

| | | |
|---|---|---|
| **WILLIAM W. TRESIDDER** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  CL21002390** |
| | ) | |
| **ESTES EXPRESS LINES, INC.** | ) | |
| **a/k/a ESTES EXPRESS LINES** | ) | |
| | ) | |
| **Defendant** | ) | |

---

## REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

**TO:**       Estes Express Lines, Inc. a/k/a Estes Express Lines, Defendant

**FROM:**   William W. Tresidder, Plaintiff

Plaintiff, William W. Tresidder, by his undersigned attorneys, and pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, requests that you file a written response to each request on the attached Document Schedule and to produce those documents for inspection and copying at the offices of Bekman, Marder, Hopper, Malarkey & Perlin, L.L.C., 1829 Reisterstown Road, Suite 200, Baltimore, Maryland 21208 within twenty-one (21) days of service.

When producing the documents, you should organize and label them where appropriate to correspond with the categories of this request.  If a document is withheld by you on the grounds of a privilege, identify the document sufficiently to allow its description to the Court for the Court's ruling on your objection.

These discovery requests shall be deemed continuing under the provisions of Rule 4:1 so

1

as to require supplementation if you or anyone acting on your behalf obtains further information that would be required to be furnished under the responses to any of the discovery requests.

## DEFINITIONS AND INSTRUCTIONS

A.   The term "person" includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

B.   The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives or attorneys.

C.   The terms "documents" includes all "writings, drawings, graphs, charts, photographs, recordings, electronically stored information, and other data compilations from which information can be obtained, translated, if necessary, by [you] through detection devices into reasonably usable form."

D.   The term "Occurrence" means the subject matter described in the Complaint.

## DOCUMENTS

1.   Copies of any and all documents, records or writings made in the ordinary course of business concerning the subject matter of this action.

2.   Copies of any documents, including statements, reports or transcripts of any testimony given in conjunction with the matters complained of in the Complaint.

3.   The opinions and Curriculum Vitae of any expert witnesses you intend to call at trial and any documents received by, reviewed by and/or used by said experts in preparation of and/or in forming their opinions.

4.   Any and all documents relating to reports or investigations relative to the matters alleged in the Complaint.

5.    Produce a complete and genuine copy of all insuring agreements between you and every insurance company that may be bound to satisfy all or a part of a judgment that may be rendered in this action against you or to indemnify or reimburse you for payments to satisfy a judgment.

6.    Any and all documents reflecting any and all communications you or your agents, servants, and/or employees had with Plaintiff or any of his family members or friends regarding the medical care and treatment provided to him.

7.    Any and all documents reflecting any and all communications you or your agents, servants and/or employees had with any person or entity regarding the medical care and treatment provided to Plaintiff.

8.    Any and all documents reflecting any and all communications you or your agents, servants and/or employees had with any person Humphries Engineering Center about the July 24, 2020 delivery.

9.    Any and all documents reflecting any and all communications you or your agents, servants and/or employees had with any person Humphries Engineering Center about the events described in the Plaintiff's Complaint.

10.    All pictures, diagrams, videos, documents, reports or objects (real evidence), relative to the matters alleged in the Complaint or its consequence.

11.    All documents that support, tends to support, is concerned with, or touches upon any response made by you to any Interrogatory propounded to you by the Plaintiff.

12.    All documents that support any of the affirmative defenses or grounds of defense raised by you in this matter.

13.    All documents of any description that supports, tends to support, is concerned with, or

touches upon any opinion of any expert witness identified in response to any interrogatory propounded to you on behalf of the Plaintiff.

14.   The curriculum vitae of any expert witness identified by you in response to any interrogatory propounded to you on behalf of the Plaintiff.

15.   All photographs or videos, including any surveillance photographs or videos, of the Plaintiff.

16.   Copies of all real evidence you intend to use at the trial of this matter.

17.   All documents your expert witnesses intend to rely upon at the trial of this case.


**William W. Tresidder**
*By Counsel*


_____
Aaron L. Moore   (VSB #72213)
Bekman, Marder, Hopper, Malarkey & Perlin, LLC
1829 Reisterstown Road, Suite 200
Baltimore, Maryland  21208
moore@mdtrialfirm.com
Tel.:  410-539-6633
Fax:  410-625-9555

*Counsel for Plaintiff*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Request for Production of Documents and Electronically Stored Information was included with the service of the Civil Cover Sheet, Complaint and Election for Jury Trial in this case to:

ESTES EXPRESS LINES, INC.
a/k/a ESTES EXPRESS LINES
3901 West Broad Street
Richmond, VA 23230-3962
     *Defendant*

    **SERVE:**  Robey W. Estes, Jr., Resident Agent
              Corporation Company
              3901 West Broad Street
              Richmond, VA 23230

Aaron L. Moore

5